IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ROSE MEACHAM<br><br>        Plaintiff,<br>v.<br><br>CPD, NIH, AAAS, STATE OF ILLINOIS, DEPARTMENT OF AGRICULTURE, DHS, IHDA, ILRPP<br><br>        Defendants. | Case No. 1:24-cv-8839<br><br>District Judge April M. Perry |

## **ORDER**

      Plaintiff's motion for leave to proceed in forma pauperis [3] is granted. Plaintiff's motion for attorney representation [4] is denied. Plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim, for the reasons set forth below.

      Because Plaintiff has applied for IFP status, the Court must screen the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii). To survive the Court's initial screening, Plaintiff must state a claim for relief that is plausible on its face by making "[f]actual allegations [that are] enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court assumes that all the Complaint's factual allegations are true, but it puts aside, and does not assume true, Plaintiff's "'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court focuses on whether there is sufficient "factual content" to permit a "reasonable inference that the defendant is liable for the misconduct alleged" if the alleged facts are true. *Iqbal*, 556 U.S. at 678. The Court applies these principles just as it would in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), except that it construes Plaintiff's pro se Complaint liberally and holds it to a less exacting standard than it would a formal pleading drafted by an attorney. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013) (*citing Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).

The Court is unable to discern in Plaintiff's allegations a plausible claim for relief. Plaintiff claims that "CPD, NIH, NSF, AAAS, State of Illinois, Department of Agriculture, DHS, IHDA, ILRPP, etc." have committed employment discrimination by denying her employment. However, the facts submitted in support of her allegations include complaints about

having been fired from grocery stores and the University of Illinois, refusals of the State of Illinois to provide medical care and free housing, and the "refusal of CPD to coordinate the hiring process with my doctors." Complaint at 5. Plaintiff summarizes her lawsuit by saying "my lawsuit is about the inhumane abuses that I have suffered while trying to obtain proper medical care, police investigations into the physical assault/rape incidents and other assaults (one on the bus in broad daylight on the way to work, another while walking home from the grocery store) which prevented me unnecessarily from applying to the police." Complaint at 9. In short, the Court is unable to discern in Plaintiff's allegations a plausible claim of employment discrimination during the hiring process. Except for CPD, there is no allegation Plaintiff even attempted to seek employment with any of the named defendants. And with respect to CPD, Plaintiff herself alleges that she did not even make it to the application process.

      Plaintiff may file an amended complaint attempting to cure the problems in her complaint by 1/15/2025.

Date: 12/20/2024

*April M Perry*

United States District Judge